IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATHRYN SCHULTZ and ROBERT SCHULTZ individually and as successors in interest to LOREN SCHULTZ, decedent; and DOES 1 through 10, inclusive,<br><br>    Plaintiffs,<br><br>    v.<br><br>ASTRAZENECA PHARMACEUTICALS, L.P.; ASTRAZENECA, L.P.; JOHNSON & JOHNSON AND JANSSEN L.P. FKA JANSSEN PHARMACEUTICA PRODUCTS, L.P.; JANSSEN PHARMACEUTICA, INC.; RONALD HAYMAN, M.D.; and DOES 11 through 50,<br><br>    Defendants.<br>_____/ | No. C 06-6681 CW<br><br>ORDER DENYING DEFENDANTS' MOTION TO STAY ACTION AND GRANTING PLAINTIFFS' MOTION TO REMAND |

    Defendants AstraZeneca Pharmaceuticals L.P. and AstraZeneca L.P. (together, AstraZeneca) have filed a motion to stay proceedings in this action pending its transfer to the Judicial Panel on Multidistrict Litigation (MDL).  Plaintiffs Kathryn and Robert Schultz oppose this motion and move separately to remand this action to state court.  Defendants AstraZeneca, joined by

Defendants Johnson & Johnson and Janssen L.P. (formerly known as Janssen Pharmaceutica Products L.P.), Janssen Pharmaceutica, Inc. (together, Janssen), and Ronald Hayman, M.D., oppose Plaintiffs' motion.  Having considered all of the papers filed by the parties, the Court DENIES Defendants' motion to stay and GRANTS Plaintiffs' motion to remand.

## BACKGROUND

For the purposes of this motion only, all the facts alleged in Plaintiffs' first amended complaint (FAC) are assumed to be true.

Defendants AstraZeneca manufacture and market the atypical antipsychotic drug Seroquel.  FAC at ¶ 1.  Seroquel was approved by the FDA in 1997 for the treatment of schizophrenia and in 2004 for the treatment of bipolar disorder.  FAC at ¶¶ 34, 35.  Defendants Janssen manufacture and market the atypical antipsychotic drug Risperdal.  FAC at ¶ 1.  Risperdal was approved by the FDA in 1997 for the treatment of schizophrenia and in 1999 for the treatment of mania associated with bipolar disorder.  FAC at ¶¶ 48, 49.

In advertising these medications, both companies promoted them for uses "beyond [their] indications," including "off-label" uses not approved by the FDA, and offered "incentives" to doctors who would prescribe them.  FAC at ¶¶ 37, 51.  The use of both drugs has been associated with an increased risk of, among other things, developing hyperglycemia, diabetes, and pancreatitis.  FAC at ¶¶ 42, 55.  The warnings accompanying both drugs were inadequate regarding the nature, scope, and severity of the risks associated with them and both companies withheld important safety information from physicians while promoting these drugs as safer and more

2

effective than other available treatments.  FAC at ¶¶ 39-41, 43, 52-54, 56.

Dr. Ronald Hayman, M.D., prescribed both Seroquel and Risperdal to minor Loren Schultz for the treatment of Tourette's Syndrome and obsessive compulsive disorder.  FAC at ¶ 125.  Neither drug is approved for treatment of these conditions or "for use in children."  Id.  Plaintiffs allege that Dr. Hayman "held [himself] out to be knowledgeable in the safety, efficacy, and use of Seroquel and Risperdal" and did not warn decedent or his parents of the risks associated with the drugs, including hyperglycemia, diabetes, and pancreatitis.  FAC at ¶¶ 125, 127.  They also claim Dr. Hayman failed to conduct baseline testing of the drugs or to continue to monitor the decedent's reaction to the drugs in the course of providing medical treatment.  FAC at ¶ 125.  On July 12, 2005, nineteen year-old Loren Schultz died from acute pancreatitis.

On June 30, 2006, Kathryn and Robert Schultz filed a complaint in the San Francisco County Superior Court against Defendants, seeking civil damages resulting from the alleged wrongful death of their son.  On July 6, 2006, the MDL Panel issued a transfer order establishing MDL proceeding No. 1789, In re Seroquel Products Liability Litigation, coordinating in the Middle District of Florida the pre-trial proceedings of eighty-seven Seroquel actions. On October 10, 2006, Plaintiffs filed their FAC in superior court. After removing this case to district court on October 27, 2006, Defendants AstraZeneca filed this motion to stay the action pending a decision by the MDL Panel as to whether this case will join other Seroquel actions transferred to the Middle District of Florida.

3

Plaintiffs then filed this motion to remand the case to state court on the grounds that this Court lacks jurisdiction. Plaintiffs originally asked for attorneys' fees and costs in their motion to remand, but have since withdrawn that request.

## LEGAL STANDARD

A defendant may remove a civil action filed in state court to federal district court so long as the district court could have exercised original jurisdiction over the matter. 28 U.S.C. § 1441(a). If at any time before judgment it appears that the district court lacks subject matter jurisdiction over a case previously removed from state court, the case must be remanded. 28 U.S.C. § 1447(c). On a motion to remand, the scope of the removal statute must be strictly construed. Gaus v. Miles, 980 F.2d 564, 566 (9th Cir. 1992). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Id. Courts should resolve doubts as to removability in favor of remanding the case to state court. Id.

District courts have original jurisdiction over all civil actions "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a). When federal subject matter jurisdiction is predicated on diversity of citizenship, complete diversity must exist between the opposing parties. Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373-74 (1978). An exception to the complete diversity requirement exists where a defendant removes a case with a non-diverse

4

defendant and persuades the district court that this defendant was fraudulently joined. McCabe v. Gen. Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987). Joinder of the resident defendant is fraudulent "[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." Id. The burden is on the defendant to demonstrate that there is no possibility that the plaintiff will be able to establish a cause of action in state court against the alleged sham defendant. Id.; see also Ritchey v. Upjohn Drug Co., 139 F.3d 1313, 1318 (9th Cir. 1998).

## DISCUSSION

AstraZeneca removed this case on the grounds that Dr. Hayman, the only non-diverse defendant joined in the action, is a sham defendant because Plaintiffs cannot state a cause of action against him for professional negligence. The Court disagrees.

To determine its jurisdiction, the Court need not decide whether Plaintiffs can prove a legally cognizable claim of professional negligence against Dr. Hayman, but only that they have plead one under state law. Briggs v. Lawrence, 230 Cal. App. 3d 605, 610 (1991). Under California law, the elements of a cause of action for professional negligence are (1) the duty of the professional to use such skill, prudence, and diligence as other members of his or her profession commonly possess and exercise; (2) breach of that duty; (3) proximate causal connection between the negligent conduct and the resulting injury; and (4) actual loss or damage resulting from such negligence. Bucquet v. Livingston, 57 Cal. App. 3d 914, 920-21 (1976). A failure to plead any of these

elements would be fatal to Plaintiffs' claim against Dr. Hayman.

It is Defendants' burden to demonstrate that there is no possibility that Plaintiffs will be able to establish a cause of action against Dr. Hayman in state court. On a demurrer, a California court will liberally construe all of the complaint's properly plead material allegations as true and "give the complaint a reasonable interpretation by reading it as a whole and all its parts in their context" to "ensure the pleading . . . apprises the adversary of the factual basis for the claim." People ex rel. Lungren v. Superior Court, 14 Cal. 4th 294, 300 (1996); Lim v. The.TV Corp. Int'l, 99 Cal. App. 4th 684, 690 (2002); see also Cal. Civ. Proc. Code § 452 (West 2006). Moreover, "[i]n testing the legal sufficiency of a pleading against a general demurrer, all properly pleaded allegations, including those that arise by reasonable inference, are deemed admitted regardless of the possible difficulty of proof at trial." Saxer v. Philip Morris, Inc, 54 Cal. App. 3d 7, 18 (1975). However, "[a]n allegation that an act is wrongful and unlawful is a mere conclusion" and "conclusions of law are not admitted by demurrer." Metzenbaum v. Metzenbaum, 86 Cal. App. 2d 750, 754 (1948); Vilardo v. Sacramento County, 54 Cal. App. 2d 413, 418-419 (1942).

The FAC is not "devoid" of factual allegations as Defendants have argued. Plaintiffs allege that Dr. Hayman is a medical professional who rendered medical services to Loren Schultz, and thus had an implied duty to exercise care for his patient as other members of his profession would. FAC at ¶ 124. They also allege that Dr. Hayman prescribed Seroquel and Risperdal to the decedent

6

for uses unapproved by the FDA and failed to monitor the results this action would have on him. FAC at ¶ 125. Plaintiffs further allege that Dr. Hayman failed to warn of any of the adverse effects Seroquel and Risperdal may have caused while holding himself out to be knowledgeable about the safety of these medications. FAC at ¶¶ 125, 127. The effects Dr. Hayman allegedly failed to disclose include not only the pancreatitis that caused the decedent's death at the age of nineteen, but other potential risks that Dr. Hayman may have or should have known about. These allegations apprise Dr. Hayman "of the nature, source and extent" of the cause of action against him sufficiently to state a claim for professional negligence in California state court. Metzenbaum, 86 Cal. App. 2d at 753.

In their notice of removal, Defendants argued that Plaintiffs' allegation that Dr. Hayman prescribed Seroquel and Risperdal for non-approved uses is insufficient to sustain a claim of professional negligence. Although the cases cited by both parties indicate that a mere allegation of "off-label" use with nothing more would not be sufficient to state a claim for professional negligence, the allegations that Dr. Hayman prescribed both drugs for unapproved uses, failed to monitor his patient's reaction to the treatment and failed to warn his patient of any potentially serious adverse effects do state a colorable claim of professional negligence. Whether or not Plaintiffs can ultimately prove Dr. Hayman's liability in state court is not for this Court to decide.

Defendants also argue that the facts Plaintiffs plead in the FAC make a cause of action against Dr. Hayman "factually

7

impossible" because Plaintiffs allege that AstraZeneca and Janssen purposely concealed information about adverse effects from everyone, including doctors. Defendants rely on <u>Baisden v. Bayer Corp</u>., 275 F. Supp. 2d 759, 763 (S.D. W.Va. 2003), in which the court ruled that where "the gravamen of the malpractice case" against a doctor was "his failure to know what allegedly was deliberately hidden" by the defendant pharmaceutical company, it was insufficient under Federal Rule of Civil Procedure 8(a) to allege nothing more than that the doctor lacked knowledge of a medication's adverse side effects.

Defendants' reliance on <u>Baisden</u> here is misplaced; it is distinguishable on the facts and does not address California state pleading requirements or professional negligence law. A complaint may plead inconsistent causes of action in California "if there are no contradictory or antagonistic facts." <u>Berman v. Bromberg</u>, 56 Cal. App. 4th 936, 944-945 (1997) (<u>citing</u> <u>Steiner v. Rowley</u>, 35 Cal.2d 713, 718-719 (1950)). Thus, "unless the alternate pleadings contain antagonistic statements, the statement of facts sufficient to constitute a cause of action in one count is not a bar to the maintenance of a separately stated count in the same pleading based upon inconsistent allegations." <u>Id</u>. The facts plead in this case are not inconsistent. Plaintiffs do not claim that AstraZeneca and Janssen concealed all information on the adverse effects of Seroquel and Risperdal from doctors, but rather that the warnings regarding these risks were inadequate in relation to their severity. FAC at ¶¶ 39-41, 43, 52-54, 56. Nor do Plaintiffs simply contend that Dr. Hayman should have known what AstraZeneca

8

and Janssen allegedly kept from him, but that he prescribed Seroquel and Risperdal for unapproved uses, failed to give any warnings about them even though he held himself out to be competent in their use, and failed to monitor the decedent's reaction to them. FAC at ¶¶ 125, 127. The FAC also alleges that AstraZeneca and Janssen encouraged "off-label use" and offered doctors "incentives" to over-prescribe their drugs. FAC at ¶¶ 37, 51. Far from making claims against individual doctors "factually impossible," these allegations indicate a concerted effort on behalf of both companies to encourage doctors to ignore their own professional judgment.

For these reasons, the allegations against Dr. Hayman are sufficient to state a claim for professional negligence. Defendants have failed to show that there is no possibility that Plaintiffs will be able to establish liability against Dr. Hayman in state court and thus have not met their burden to show that Dr. Hayman is fraudulently joined. Therefore, the Court remands this case to state court for lack of jurisdiction.

## CONCLUSION

For the forgoing reasons, Defendants' motion to stay is DENIED (Docket No. 5) and Plaintiffs' motion to remand (Docket No. 7) is GRANTED.

IT IS SO ORDERED.

Dated: 12/22/06

CLAUDIA WILKEN
United States District Judge

9